**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RICKY DAVIS (#554718)**

**VERSUS**

**DARRYL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 16-798-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 2, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RICKY DAVIS (#554718)**

**VERSUS**

**DARRYL VANNOY, ET AL.**

CIVIL ACTION

NO. 16-798-JWD-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. There is no need for oral argument or for an evidentiary hearing.

On or about January 9, 2017, the *pro se* petitioner, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, attacking his 2009 criminal conviction and sentence entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in denying his Motion for Post-Verdict Judgment of Acquittal; and (3) he was denied his right to testify.

**Procedural History**

On September 17, 2009, the petitioner was sentenced by the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner was subsequently granted an out of time appeal. The counseled appeal raised four assignments of error: (1) the trial court erred in denying the petitioner's Motion for Post-Verdict Judgment of Acquittal; (2) the evidence was not sufficient to support the conviction; (3) the trial court erred in denying a request for a special jury instruction; and (4) the non-unanimous verdict violated the United States and Louisiana Constitutions. The petitioner's conviction and sentence were affirmed by

the appellate court on May 6, 2011, and writs were denied by the Louisiana Supreme Court on March 9, 2012. *See State v. Davis*, 10-1887 (La. App. 1 Cir. 5/6/11), 2011 WL 2616866 and *State ex. rel. Davis v. State*, 11-1202 (La. 3/9/12/), 84 So.3d 544.

On February 18, 2013, the petitioner filed an Application for Post Conviction Relief and presented four claims for relief: (1) the petitioner received ineffective assistance of counsel due to (a) counsel's failure to communicate a plea offer, (b) failure to call witnesses, and (c) denial of his right to testify at trial: (2) violations of his constitutional rights during questioning by law enforcement; (3) defective indictment; and (4) cumulative error. The state filed procedural objections, which were granted except as to claim (1)(c). The trial judge ordered the matter remanded back to the commissioner to determine whether the petitioner was denied his right to testify at trial. The state sought review, which was denied by the intermediate appellate court, and the state subsequently sought review with the Louisiana Supreme Court. On September 23, 2016, the Louisiana Supreme Court granted the state's writ application and stated:

> "**Writ granted**. The district court's ruling is reversed to the limited extent it ordered an evidentiary hearing on relator's claim that he was denied his right to testify. Relator is ordered to supplement his application with the required support to substantiate his allegation. Only after he has made such a threshold showing should the district court proceed with an evidentiary hearing. *See State v. Hampton*, 00–0522, pp. 14–15, (La. 3/22/02), 818 So.2d 720, 729–30." *See State v. Davis*, 15-1934 (La. 9/23/16), 199 So.3d 1139.

On August 21, 2018, the petitioner requested that the instant matter be stayed until he could exhaust his claim, regarding denial of his right to testify, in the state courts. *See* R. Doc. 18. The petitioner's Motion was denied. *See* R. Doc. 19.

## Applicable Law and Analysis

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before

presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

In support of this petition, the petitioner asserts that: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in denying his Motion for Post-Verdict Judgment of Acquittal; and (3) he was denied his right to testify. The petitioner has failed to demonstrate that he has exhausted claim three, denial of his right to testify, in the state trial court, the Louisiana First Circuit Court of Appeal, and the Louisiana Supreme Court. As recently as of August of 2018, the petitioner requested that this matter be stayed to allow exhaustion of this claim.

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270 (1971). Additionally, under 28 U.S.C. § 2254(b)(1) the district court is precluded from granting habeas relief on an unexhausted claim.

In light of the above procedural history, the instant petition constitutes a "mixed" petition, having both exhausted and unexhausted claims. When a habeas petition includes both exhausted claims and unexhausted claims, the district court must dismiss the entire "mixed

petition." *Murphy v. Johnson*, 110 F.3d 10, 11, (5th Cir. 1997), quoting, *Rose v. Lundy*, 455 U.S. at 522. Because all of the petitioner's claims have not been exhausted in the state courts, his entire petition is subject to dismissal.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed, without prejudice. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on January 2, 2019.

      **RICHARD L. BOURGEOIS, JR.**
      **UNITED STATES MAGISTRATE JUDGE**